**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CECILIA THOMAS,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:23-CV-00538-JCB** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EQUIFAX INFORMATION SERVICES,** | § | |
| **LLC,    EXPERIAN    INFORMATION** | § | |
| **SOLUTIONS,  INC.,    TRANS  UNION,** | § | |
| **LLC,** | § | |
| | | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On November 1, 2023, Plaintiff Cecilia Thomas filed this action against Defendants

Consumer Adjustment Company Inc., Credit Systems International, Inc., Experian Information

Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC (collectively

"Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

et seq. ("FDCPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). (Doc. No.

1.) Since that time, Defendant Experian Information Solutions, Inc. was served with a copy of the

summons and complaint via personal service on its registered agent on November 10, 2023. (Doc.

No. 14.)  An answer was due by December 1, 2023. *Id*.; Fed.R.Civ.P. 12(a)(1)(A)(i).

On December 7, 2023, the court issued a show cause order informing Plaintiff that

Experian Information Solutions, Inc. had failed to timely answer and directing Plaintiff to request

entry of default as to Defendant Experian Information Solutions, Inc. or show cause why the claims

against Defendant Experian Information Solutions, Inc. should not be dismissed for want of

prosecution within 30 days. (Doc. No. 16.) More than 30 days have passed since acknowledgement of the court's show cause order, and Plaintiff has not complied with the court's order. Plaintiff has not responded to the court's show cause order, has not sought default against Defendant Experian Information Solutions, Inc., and has not otherwise requested an extension to comply.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed.R.Civ.P. 41(b). Here, as discussed above, Plaintiff has failed to comply with an order of the court and has failed to prosecute her case. Having not received a response to the show cause order by the court-ordered deadline, the court **RECOMMENDS** that Defendant Experian Information Solutions, Inc. be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 9th day of January, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE