UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00538

**Cecilia Thomas,**
*Plaintiff,*

v.

**Credit Systems International, Inc., et al.,**
*Defendants.*

# ORDER

Plaintiff Cecilia Thomas filed this action against defendants Credit Systems International, Inc., Consumer Adjustment Company, Inc., Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC (collectively "defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Doc. 1. The case was referred to United States Magistrate Judge John D. Love. Doc. 4. On January 9, 2024, the magistrate judge issued a report recommending that defendant Experian Information Solutions, Inc. ("Experian") be dismissed from this action without prejudice for failure to prosecute and failure to comply with a court order. Doc. 20. Plaintiff filed a response to the report and recommendation on January 17, 2024. Doc. 21.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Plaintiff does not object to the dismissal of Experian, but informs the court that she and defendant Experian have settled all matters in this case. Plaintiff therefore requests that the court dismiss Experian with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 21. "[T]he Rules permit voluntary dismissal by

notice and without a court order of any defendant who has not served an answer." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)). Because Experian has not served an answer in this matter, plaintiff is entitled to unconditional dismissal by notice under Rule 41(a)(1)(A)(i). Accordingly, the court will construe plaintiff's response as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) and the clerk shall terminate Experian from this matter, dismissing Experian with prejudice pursuant to the terms of the notice (Doc. 21), without further order of the court.

*So ordered by the court on February 23, 2024.*

J. CAMPBELL BARKER
United States District Judge